# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No. 10-30666
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FONTAINE C. GREMILLION,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CR-305-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fontaine C. Gremillion pleaded guilty to a one count bill of information charging her with theft of public money, property, or records in violation of 18 U.S.C. § 641, stemming from her fraudulently obtaining $118,738 in benefits from the Department of Veterans Affairs (VA). Although her calculated guidelines range, based on an actual loss of $110,848, was 10 to 16 months in prison, the district court imposed a 24-month prison sentence. On appeal, Gremillion asserts (1) that the district court erred in using $110,848 as the loss

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount because the parties stipulated that the loss amount would be $16,399 for sentencing purposes and the Government failed to establish that she intended to defraud the VA, and (2) that the district court erred in imposing an above-guideline sentence.

A challenge to the court's method of determining the loss amount is a challenge to the court's application of the Guidelines, which we review de novo. *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008). The district court's calculation of the amount of loss is a factual finding that is reviewed for clear error. *Id.* Gremillion's argument that the district court erred by disregarding the stipulated loss amount is without merit. Sentencing stipulations between the Government and the defendant are not binding on the district court, particularly when, as here, the defendant has not entered a guilty plea pursuant to a binding plea agreement. *United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir. 2001); *see also* § 6B1.4(d) (noting that the sentencing court is not bound by written stipulations of facts.). In addition, because the loss amount was based on the actual amount of benefits Gremillion fraudulently received from the VA, and not on any intended loss, the Government was not required to demonstrate Gremillion's actual intent in receiving the fraudulent funds. *See United States v. John*, 597 F.3d 263, 279 (5th Cir. 2010) (noting that when determining intended loss, the district court must determine the defendant's actual intent); *United States v. Sanders*, 343 F.3d 511, 527 (5th Cir. 2003) (noting that in the absence of facts indicating intent, the defendant's offense level must be calculated using actual loss).

Gremillion did not object to either the procedural or substantive reasonableness of her sentence in district court; accordingly, we review her challenge to the imposition of an above-guideline sentence for plain error only. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (failure to object at sentencing to the substantive reasonableness of sentence triggered plain error review); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009) (failure

to object to the procedural reasonableness of sentence triggered plain error review). To show plain error, Gremillion must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Gremillion makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court expressly stated that it was imposing a sentence above the guideline range after considering all of the 18 U.S.C. § 3553(a) factors, particularly the nature and circumstances of Gremillion's offense, her history and characteristics, the need to reflect the offense's seriousness, the need to provide just punishment, and the need to promote respect for the law to adequately deter others who might be similarly inclined to commit such fraud. The district court was in the best position to make appropriate credibility determinations and judge the circumstances of the offense. *See United States v. Gall*, 552 U.S. 38, 51 2007). In addition, the district court considered the appropriate sentencing factors and thoroughly articulated its reasons for deciding upon the sentence. *See United States v. Herrera-Garduno*, 519 F.3d 526, 530 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 812 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Accordingly, Gremillion has not demonstrated that the district court committed error, plain or otherwise, by imposing a sentence above the guideline range. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.